ORIGINAL

JOHN HARRIS PAER    #1551-0
41 B Kepola Place
Honolulu, Hawaii   96817
Telephone:   (808) 595-7179
Facsimile:   (808) 595-3918
email: paerj001@hawaii.rr.com

Attorney for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 02 2008

at ____ o'clock and 25 min. ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

JIE HUANG,                          )    CIVIL CV08 00542 HG BMK
                                    )
        Plaintiff,                  )    COMPLAINT; EXHIBIT "A-E";
                                    )    SUMMONS
    vs.                             )
                                    )
TRANS UNION, LLC., CITIBANK         )
(SOUTH DAKOTA) N.A., and            )
RAYMOND BALDERAMA,                  )
                                    )
        Defendants.                 )
_____)

## COMPLAINT

COMES NOW Plaintiff, by and through his undersigned attorneys, and alleges as follows:

### INTRODUCTION

1.    This Complaint is filed and these proceedings are instituted under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681 et seq, the "Truth in Lending Act" (hereinafter "TILA"), 15 U.S.C. §1601 et seq. and the Fair Credit Billing Act (hereinafter "FCBA"), 15 U.S.C. §1666 et seq., to recover actual and statutory damages, reasonable attorney's fees and costs of suit by reason of the Defendant's violations of those Acts.

2.   The jurisdiction of this Court is invoked pursuant to 15 U.S.C. §1640(e), 15 U.S.C. §1681(n), and 28 U.S.C. Sections 1331 and 1337.  The supplemental jurisdiction of this Court is invoked over Count IV of the Complaint, which arises under state law. Jurisdiction of the state claims is proper because the factual matters underlying the federal and state claims are closely related, making disposition of both claims proper and necessary.

PARTIES

3.   Plaintiff is a natural person and is a resident of the State of Hawaii.

4.   Defendant Trans Union, LLC. (hereinafter "Trans Union") is a corporation doing business in the State of Hawaii, and is subject to the jurisdiction of this Court.

5.   Trans Union is a consumer reporting agency, as defined in section 1681(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

6. Defendant Citibank (South Dakota), N. A. (hereinafter "Citibank") is a national bank entity doing business in the State of Hawaii, and is subject to the jurisdiction of this Court.

7.    Citibank  is  a  furnisher  of  information  as
contemplated by FCA section 1681s-2(a) and (b), that regularly and
in the ordinary course of business furnishes information to one or
more consumer reporting agencies about consumer transactions or
experiences with any consumer.

8.    Defendant Raymond Balderama is a resident of Hawaii
and is subject to the jurisdiction of this Court.


                                FACTS

9.    Within the year prior to the filing of this action,
Defendant Citi, in the ordinary course of business, regularly
extended credit to its consumer customers for which a finance
charge was imposed.

10.   Upon information and belief, at an unknown point in
time, Raymond Balderama opened an account with Defendant Citibank
in his own name, and without his consent, placed Plaintiff's name
on the account as well.

11.   Upon information and belief, that account was used
primarily for personal, family, or household purposes.

12.   Plaintiff did not request, consent to, nor authorize
that account, nor did Plaintiff benefit from that account in any
way.

13.   Defendant Citibank did not give initial disclosures
to Plaintiff regarding the above described account.

14.   Upon information and belief, Raymond Balderama opened and used that account for many years and received the periodic statements for that account.

15. In 2008, Plaintiff first became aware of the account as it appeared on his Trans Union credit report.

16.   Shortly after learning of the above account, Plaintiff filed a police report alleging identity theft.

17.   Despite Plaintiff's protests that the account was not his, Defendant Citibank has sent numerous statements and demands for payment with respect to the above account, and has charged Plaintiff finance charges with respect to that account.

18. Defendant Citibank refused to respond to Plaintiff's correspondence disputing the above account.

19.   On July 29, 2008, Plaintiff sent a letter to Trans Union and Citibank disputing his authorization of the account.   A true copy of that letter is attached hereto as Exhibit "A".

20.   On July 30, 2008, Trans Union notified Plaintiff that the Citibank account had been deleted from his consumer credit report.   A true copy of that letter is attached as Exhibit "B".

21.   On August 10, 2008, the Citibank account again appeared on Plaintiff's consumer credit report from Trans Union.

19.   On August 14, 2008, Plaintiff's attorney wrote to Trans Union and Citibank detailing the above information and each received that letter on August 18, 2008.   A true copy of that letter is attached hereto as Exhibit "C".

20.  On August 21, 2008, Trans Union responded to that letter stating that Citibank reported Plaintiff as an authorized user of the account, and ignoring the August 10, 2008 report, incorrectly stated that the account no longer appeared on Plaintiff's consumer credit report.  A true copy of that letter is attached as Exhibit "D".

21.  Once again, the Citibank account was later deleted from Plaintiff's Trans Union consumer credit report.

22.  Prior to the false report from Citibank, Plaintiff's credit score from Trans Union was 726.

23.  When the Citibank report was added to Plaintiff's credit profile, his Trans Union credit score was reduced to 689.

24.  Even after the false Citibank report was removed, Plaintiff's Trans Union credit score was improperly reported as 689.

25.  Citibank also refused to discuss the matter with Plaintiff's attorney as set forth in its letter of October 20, 2008.  A true copy of that letter is attached as Exhibit "E".

26.  These actions were extremely upsetting to Plaintiff, particularly since he was attempting to refinance his house at this time and was unable to do so because of the inaccurate reports.

27.  On information and belief, Defendant Citibank did not make any attempt to learn the true nature of this account from Raymond Balderama, nor to obtain payment from him.

28.   Plaintiff notified Defendants Citibank and Trans Union of the error and told both Defendants repeatedly that the account was not his and was not authorized by him.

29.   Plaintiff requested that both Defendants take steps to investigate this matter and remove this account from his consumer report with Trans Union as well as delete any record with Citibank regarding this account.

30.   Defendant Citibank continued to ignore Plaintiff's explanations, continued to charge interest to Plaintiff and to demand from Plaintiff payment for the account, and continued to disclose adverse information on Plaintiff's consumer reports with Trans Union.

31.   Defendant Trans Union initially removed the account and related adverse information from his consumer report, but shortly reported the same false account again, and refused ever to properly adjust Plaintiff's credit score to its former status.

32.   On October 10, 2008, pursuant to Trans Union's letter of Augsut 21, 2008, Plaintiff's counsel called Shirley Hickman of Trans Union to discuss the above matters including Plaintiff's credit score.

33.   No one from Trans Union ever returned the call.

34.   Both by letter and by telephone, and through counsel, Plaintiff informed both corporate Defendants of the above facts, and also that he disputed the account and was unwilling to accept obligation for the account, yet both corporate Defendants

failed to properly respond and take the appropriate action to correct this error.

35. To the contrary, as late as August 10, 2008, Defendant Citibank continued to falsely report this account to Trans Union as Plaintiff's account and further reported that it was delinquent, and further, continued to charge Plaintiff interest on the account.

36. To the contrary, as late as August 10, 2008, Defendant Trans Union continued to disclose this false and adverse information regarding this account on Plaintiff's credit report which were disclosed to third parties; and even after it again deleted that account, Trans Union reported Plaintiff's credit score as 689 rather than 726.

37. Defendant Citibank has submitted derogatory credit information to Trans Union, and Plaintiff's consumer report and his credit score have been affected adversely with the result that Plaintiff has been denied credit that he would otherwise have received.

38. Defendant Citibank has imposed finance charges upon Plaintiff in connection with this account and has demanded payment from Plaintiff of a debt under this account, and Defendant has continued to do so, even after it was on notice that the alleged debt was that of Plaintiff's deceased mother and not that of Plaintiff.

39. All of this damage to Plaintiff occurred as a direct result of the identity theft perpetrated by Raymond Balderama, and of the actions and inaction on the part of Trans Union and Citibank as described above.

40. Plaintiff has suffered damage as a result of each Defendant's actions, including but not limited to, their wilful and intentional violations of existing law and their own agreements, their wilful, reckless and wanton activities regarding Plaintiff all as described above.

## COUNT I - TRUTH IN LENDING

41. Plaintiff realleges and incorporates paragraphs 1 through 40 of this Complaint.

42. Defendant Citibank has violated the Truth in Lending Act by failing to properly disclose, and/or by disclosing in a misleading and confusing manner:

    (a)   the Annual Percentage Rate,

    (b)   the Finance Charge,

    (c)   the Amount Financed,

    (d)   the Total of Payments and Payment Schedule, and

    (e)   the Initial Disclosures.

## COUNT II - FAIR CREDIT BILLING

43. Plaintiff realleges and incorporates paragraphs 1 through 42 of this Complaint.

44.  Defendant Citibank has violated the Fair Credit Billing Act by failing to properly respond to disputes by Plaintiff and his counsel and by failing to correct its errors in a timely fashion.

## COUNT III - FAIR CREDIT REPORTING ACT

45.  Plaintiff realleges and incorporates paragraphs 1 through 44 of this Complaint.

46.  Upon information and belief, Defendant Citibank has received notice from Trans Union that Plaintiff has disputed the accuracy and completeness of the information regarding the account reported by Citibank as described above.

47.  Defendant Citibank has violated the Fair Credit Reporting Act by:

a) wilfully and/or negligently failing to comply with the FCRA required reinvestigation process, including that required by Section 1681s-2(b);

b) defaming Plaintiff by publishing to third parties false information regarding his creditworthiness;

c) invaded the privacy of Plaintiff; and

d) failed in its duty to prevent foreseeable injury to Plaintiff.

48.  In the entire course of its actions herein, Defendant Trans Union has wilfully and/or negligently violated the FCRA in the following respects:

a) by wilfully and/or negligently failing, in the preparation of the consumer reports regarding Plaintiff, to use reasonable procedures to ensure maximum possible accuracy of the information it has reported on Plaintiff's consumer report;

b) by wilfully and/or negligently failing to comply with FCRA section 1681i;

c) by defaming Plaintiff by publishing to third parties false information regarding his creditworthiness;

d) invading the privacy of Plaintiff; and

e) failing in its duty to prevent foreseeable injury to Plaintiff.

### COUNT IV - UNFAIR AND DECEPTIVE ACTS AND PRACTICES

49.  Plaintiff realleges and incorporates paragraphs 1 through 48 of this Complaint.

50.  Both Defendants have violated Chapter 480 of the Hawaii Revised Statutes as alleged above.

51.  The Defendants' violations of the Fair Credit Reporting Act, the Truth in Lending Act and the Fair Credit Billing Act constitute unfair and deceptive acts or practices in violation of H.R.S. Chapter 480.

52.  Defendant Citibank's wilful, reckless and wanton statements and misrepresentations, failure to properly reinvestigate this matter, its charges and disclosures in connection with the above-described extension of credit were

immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff as a consumer, and were unfair and deceptive, in violation of H.R.S. Chapter 480.

53. Defendant Trans Union's misrepresentations, failure to properly reinvestigate this matter, failure to use reasonable procedures to ensure maximum possible accuracy of Plaintiff's consumer report, were immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff as a consumer, and were unfair and deceptive, in violation of H.R.S. Chapter 480.

54. Plaintiff has suffered injury to his property in an amount to be proved at trial, by reason of Defendant's violations.

COUNT V - FRAUD AND IDENTITY THEFT

55. Plaintiff realleges and incorporates paragraphs 1 through 54 of this Complaint.

56. Defendant Balderama fraudulently placed Plaintiff's name on the account as described above making statements, written and/or oral, and without Plaintiff's knowledge or assent, to the effect that Plaintiff would be liable for that account.

57. Balderama knew that these statements were untrue, but made them with the intent of obtaining credit for himself at the expense of Plaintiff.

58. Plaintiff was unaware of these false statements and was unaware that his identity was being stolen and used for this improper purpose.

59.    Plaintiff has been damaged by this fraud and identity theft as alleged above.

WHEREFORE, Plaintiff prays that the Court:

AS TO COUNT I:

1.  Award Plaintiff his actual damages as will be proved at trial;

2.    Award Plaintiff statutory damages of twice the finance charge;

3.  Award Plaintiff rescission of the account as to him;

4.  Award exemplary damages.


AS TO COUNT II:

5.  Award Plaintiff his actual damages as will be proved at trial;


6.  Award Plaintiff statutory damages of $1000.00 per transaction;

7.  Award rescission of the account as it relates to Plaintiff and order Citibank to refrain from making any further adverse reports regarding Plaintiff and also to delete any prior adverse reports regarding Plaintiff;

8.  Award exemplary damages.

AS TO COUNT III:

9.  Award Plaintiff statutory damages in the amount of

$1000.00;

10. Award Plaintiff his actual damages as will be proved at trial;

11. Award preliminary and permanent injunctive relief to the effect that the Citibank account be deleted and removed from Plaintiff's consumer report.

12. Award exemplary damages.


AS TO COUNT IV:

13. Award Plaintiff damages in the amount of three times the injury to his property, but not less than $1000.00;


AS TO COUNT V:

14. Award Plaintiff damages in an amount to be proved at trial;

15. Award Plaintiff exemplary damages.


AS TO ALL COUNTS

16. Award Plaintiff reasonable attorneys fees and costs;

17. Award Plaintiff such other and further relief as the Court deems appropriate.

DATED:  Honolulu, Hawaii, _December 1, 2008_____.


_____
JOHN HARRIS PAER
Attorney for Plaintiff